UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| JONATHAN LAMAR BEAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:15-CV-16-SNLJ |
| | ) | |
| DUNKLIN COUNTY JUSTICE CENTER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# **MEMORANDUM AND ORDER**

This matter is before the Court upon the application of Jonathan Lamar Beal (No. 1181492) for leave to commence this action without payment of the required filing fee. The Court will take judicial notice of the certified inmate account statement plaintiff recently filed in *Beal v. Green*, No. 1:14-CV-184-SNLJ (E.D. Mo.), and will assess an initial partial filing fee of $8.23.[1] In addition, and for the reasons set forth below, the Court will dismiss this action as legally frivolous.

---

[1] On February 2, 2015, the Court ordered plaintiff to file a certified copy of his inmate account statement [Doc. #4]. Plaintiff filed a response on February 23, 2015, stating that the institution refuses to provide him with a statement [Doc. #5]. The Court notes that plaintiff recently filed a certified account statement in *Beal v. Green*, No. 1:14-CV-184-SNLJ (E.D. Mo.), and therefore, the Court will take judicial notice of this same information for purposes of assessing a filing fee in the instant case.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period. *See* 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id*.

A review of plaintiff's inmate account statement indicates an average monthly deposit of $41.17, and an average monthly account balance of $10.00. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $8.23, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at

3

1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 51-52.

Moreover, in reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

**The Complaint**

Plaintiff, an inmate at the Eastern Reception Diagnostic and Correctional Center, seeks monetary relief in this 42 U.S.C. § 1983 action against defendants Dunklin County Justice Center, Nicole Weddington, Stephen Sockoloff (Prosecutor), and Junce Chidisler (Assistant Prosecutor). Plaintiff alleges that he was falsely accused of assaulting Nicole Weddington in 2013. He was convicted

4

and is currently imprisoned. He further alleges defendants Sockoloff and Chidisler engaged in prosecutorial misconduct.

**Discussion**

To recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions that would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed, expunged, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477 (1994). Plaintiff does not claim that his conviction or sentence has been reversed, expunged, invalidated, or called into question. As such, having carefully reviewed the complaint, the Court concludes that plaintiff's claims are barred by the United States Supreme Court's holding in *Heck*.

As additional grounds for dismissing this action, the Court finds that the complaint is legally frivolous as to Stephen Sockoloff and Junce Chidisler, because a prosecutor is absolutely immune from suit for damages under § 1983 for alleged violations committed in "initiating a prosecution and in presenting the state's case." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *Myers v. Morris*, 810 F.2d 1437, 1448 (8th Cir. 1987). This immunity extends to allegations of vindictive prosecution. *Myers v. Morris*, 810 F.2d at 1446. The complaint is also legally

frivolous as to the Dunklin County Justice Center, because justice centers, jails, and courts are not "persons" for § 1983 purposes. *See Harris v. Missouri Court of Appeals, Western Dist.*, 787 F.2d 427 (8th Cir. 1986). Last, the complaint is legally frivolous as to Nicole Weddington, because plaintiff does not allege, and there is no indication, that she is a state actor within the meaning of § 1983.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial partial filing fee of $8.23 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue, because the complaint is legally frivolous and fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #3] is **DENIED** as moot.

A separate Order of Dismissal shall accompany this Memorandum and

Order.

Dated this 3rd day of March, 2015.

_____
**UNITED STATES DISTRICT JUDGE**